NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSALINA ACOSTA MEJIA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-5211<br><br>Agency No.<br>A208-118-378<br><br>MEMORANDUM[*] |
| ROXANA MARTIR ACOSTA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-5225<br><br>Agency No.<br>A208-302-761 |
| ISAMAR MARTIR ACOSTA; H.A.M.A.,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-5226<br><br>Agency Nos.<br>A208-302-756<br>A208-302-757 |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| MARILYN ADANAR JUAREZ-MARTIR,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-5228<br><br>Agency No.<br>A208-302-762 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2026[**]
Pasadena, California

Before: WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

Rosalina Acosta Mejia and her two adult children, Isamar Martir Acosta and Roxana Martir Acosta, are natives and citizens of El Salvador. Isamar's minor child, H.A.M.A., and Roxana's minor child, M.A.J.M., are natives and citizens of Mexico.[1] They petition for review of decisions of the Board of Immigration Appeals ("BIA") dismissing their appeals of an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] For clarity, Petitioners are referred to by their first names in this disposition. No disrespect is meant by these designations.

Convention Against Torture ("CAT").[2] We have jurisdiction under 8 U.S.C.

§ 1252. "Where, as here, the BIA reviewed the IJ's factual findings for clear error,

and reviewed de novo all other issues, our review is 'limited to the BIA's decision,

except to the extent the IJ's opinion is expressly adopted.'" *Singh v. Whitaker*, 914

F.3d 654, 658 (9th Cir. 2019) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957

(9th Cir. 2006)). We deny the petitions.

1. The BIA did not err in rejecting Petitioners' argument that the IJ lacked

jurisdiction over their removal proceedings because the initial Notice to Appear

("NTA") they each received lacked a date and time for their hearings. Petitioners'

argument fails because they subsequently received notices of hearing that

contained the date, time, and place for their hearings. *See United States v. Bastide-*

---

[2] H.A.M.A. is a derivative beneficiary of Isamar's asylum application, and M.A.J.M. is a derivative beneficiary of Roxana's asylum application. M.A.J.M. was also a derivative beneficiary of her father Manuel Juarez-Mendez's asylum application, but he moved for dismissal of his petition for review, which we granted on February 12, 2026 (Case No. 24-5228, Dkt. No. 48). *See* 8 C.F.R. § 208.14(f) (providing that the denial of a principal's application for asylum "also results in the denial of asylum status to any dependents of that principal applicant who are included in the same application"). The minor children did not file separate applications for asylum, withholding of removal, and CAT protection. *See Oscar v. Bondi*, 135 F.4th 777, 779 (9th Cir. 2025) (recognizing that although family members "are derivative beneficiaries of [a petitioner's] application for asylum . . . [t]hey did not file separate applications for relief from removal and do not have derivative claims for withholding of removal or CAT protection" (citation omitted)); *see also Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, derivative relief is not available with respect to withholding of removal or CAT protection).

*Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc) (holding that "an undated NTA that is subsequently supplemented with a notice of hearing fully complies" with statutory requirements).

2. With respect to asylum and withholding of removal, on appeal to the BIA, Petitioners did not contest the IJ's findings regarding the Salvadoran government's efforts to control gangs and the imprisonment of some of the gang members responsible for the murders Isamar and Roxana witnessed. Therefore, the BIA determined that these petitioners waived any challenge to the IJ's findings on the issue of the governmental unwillingness or inability to protect them. Petitioners do not challenge the BIA's waiver determination.

3. "Because . . . [Petitioners] failed to exhaust the alleged claim-processing violation as required under 8 U.S.C. § 1252(d)(1), we deny this portion of the petition." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). The unchallenged "unwillingness or inability" findings are dispositive of Petitioners' asylum and withholding of removal claims. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (affirming the denial of asylum and withholding of removal when the evidence did not compel the conclusion that the government would have been unwilling or unable to help the petitioner).

4. With respect to their CAT claims, Petitioners argue, without citation to any evidence, that "[t]he country conditions clearly reinforce" that the

governments in El Salvador and Mexico are perpetrators of torture and persecution or are willfully blind to it. Because Petitioners' arguments are "purely conclusory and devoid of supporting factual detail or legal argument," *Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022), they waive any challenge to the agency's determinations that their respective government would not acquiesce in any torture they might face if removed. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that issues not "specifically and distinctly" argued in a party's opening brief are forfeited); *cf. United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."). The agency's acquiescence determinations are dispositive of Petitioners' CAT claims. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034–35 (9th Cir. 2014) (discussing an applicant's burden of proving government acquiescence).

**PETITIONS DENIED.**[3]

---

[3] The temporary stay of removal in each case remains in place until the mandate issues.